UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
YASHMINE J. DANIEL, *pro se*,  :
                                                           :
                    Plaintiff,  :  **MEMORANDUM AND ORDER**
               -against-  :  12-CV-4411(DLI)
                                                           :
COMENITY LLC, C T CORPORATION SYSTEM,  :
                    Defendants.  :
---------------------------------------------------------------- x

**DORA L. IRIZARRY, United States District Judge:**

*Pro se* plaintiff Yashmine J. Daniel ("Plaintiff") filed the instant action against defendants Comenity LLC ("Comenity"), and C T Corporation System ("CT Corp.") (collectively, "Defendants"), alleging that Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* and the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1601, *et seq.* (*See* Complaint ("Compl."), attached to Notice of Removal, Dkt. Entry No. 1.) Defendant Comenity moves, pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the instant action, or in the alternative, pursuant to Rule 12(e) for a more definite statement of the Complaint. (*See* Memorandum of Law in Support of Defendant Comenity's Motion to Dismiss the Compl. or, in the Alternative, for a More Definite Statement ("Comenity's Mem."), Dkt. Entry No. 11-2.) CT Corp. moves to dismiss the Complaint, pursuant to Rules 4, 8 and 12(b)(6). (*See* Memorandum of Law in Support of CT Corp.'s Motion to Dismiss the Compl. ("CT Corp.'s Mem."), Dkt. Entry No. 15.) For the reasons discussed below, Defendants' motions to dismiss are granted. The Complaint is dismissed without prejudice and with leave to replead.

**BACKGROUND**

On July 27, 2012, Plaintiff filed the instant action against Defendants Comenity and CT Corp., asserting claims under the FCRA and the FCBA in the Civil Court of the City of New York, County of Queens. (*See* Compl.) The entire Complaint consists of a one-page "Summons with Endorsed Complaint" stating: "Fair Credit Reporting Act and Fair Credit Billing Act Violations for $20,000.00 with interest from 01/12/1991." (*See* Compl.) Plaintiff has filed no amended pleadings. On September 4, 2012, Defendant Comenity, with the consent of Defendant CT Corp., properly removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. (*See* Notice of Removal, Dkt. Entry No. 1; Declaration of James S. Yu ("Yu Decl."), Dkt. Entry No. 11-1, ¶ 3.) Presently before the Court, are the unopposed motions to dismiss filed by Comenity and CT Corp.

**DISCUSSION**

**I.    Legal Standard for Dismissal**

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), overruled in part on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Iqbal*, 556 U.S. at 678. For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Notably, courts may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. *See, e.g.*, *Roth v. Jennings*, 489 F. 3d 499, 509 (2d Cir. 2007).

As a *pro se* litigant, Plaintiff's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, the Court will construe Plaintiff's pleadings and papers "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted). Nevertheless, "a *pro s*e plaintiff is still required to comply with the relevant procedural and substantive rules of law." *Colo. Capital v. Owens*, 227 F.R.D. 181, 186 (E.D.N.Y. 2005) (citing *Traguth v. Zuck*, 710 F. 2d 90, 95 (2d Cir. 1983)).

## II.  Motion to Dismiss by Defendant Comenity

Plaintiff's Complaint fails to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure. The one-page Complaint contains a single sentence, alleging Defendants' violations of the FCRA and the FCBA without any factual support. (*See* Compl.) The pleading

requirement laid out in *Iqbal* calls for "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. As the Second Circuit has explained, "conclusory statements must be disregarded," and "the remaining factual assertions must, when read together, make a plausible case for relief." *Astra Media Grp., LLC v. Clear Channel Taxi Media, LLC*, 414 F. App'x 334, 335 (2d Cir. Feb. 15, 2011) (summary order) (citing *Iqbal*, 556 U.S. at 678). Plaintiff's pleading does not allege any facts that allow the Court to draw any inferences, and the legal conclusion alone could not meet the Rule 8 pleading standard. *See Hitchins v. N.Y.C. Dep't of Educ.*, 2013 WL 1290981, at *4 (E.D.N.Y. Mar. 28, 2013) (granting defendant's motion to dismiss because the *pro se* plaintiff "failed to allege any facts" that supported his claim); *Fehrlin v. Liebowitz*, 2010 WL 4844395, at *1 (S.D.N.Y. Nov. 29, 2010) (dismissing plaintiff's claim because "the complaint presents absolutely no facts from which the Court can determine" the viability of the claim). Accordingly, Defendant Comenity's motion to dismiss is granted without prejudice and Plaintiff is granted leave to amend the Complaint.

### III. Motion to Dismiss by Defendant CT Corp.

CT Corp. contends that its counsel contacted Plaintiff several times, and Plaintiff agreed to voluntarily dismiss CT Corp. from the instant action, acknowledging that she had erroneously named CT Corp. as a defendant in the case. (CT Corp. Mem. at 3.) However, Plaintiff has not signed and returned the Stipulation of Voluntary Dismissal. (*See* Ex. A, attached to Declaration of Brian K. Cifuentes ("Cifuentes Decl."), Dkt. Entry No. 16.) Accordingly, the Court will address CT Corp.'s motion.

4

### A. Motion to Dismiss under Rule 8

The single allegation in Plaintiff's Complaint is that Defendant CT Corp. violated both the FCRA and the FCBA. Plaintiff's claim against Defendant CT Corp. does not comply with Rule 8 of the Federal Rules of Civil Procedure for the same reasons set forth in Section II in this Memorandum and Order. Accordingly, the Complaint is dismissed against CT Corp. for all of the same reasons. However, this dismissal is with prejudice and no leave to amend the Complaint as to CT Corp. is granted for the reasons set forth below.

### B. Motion to Dismiss under Rule 12(b)(6)

Notably, Defendant CT Corp. argues that Plaintiff's cause of action should be dismissed because the FCRA and the FCBA do not apply to CT Corp. The FCRA ordinarily regulates the acts of "consumer reporting agencies" ("CRAs") and the reports they "assemble and issue." *Podell v. Citicorp Diners Club, Inc.*, 859 F. Supp. 701, 704 (S.D.N.Y. 1994). The "creditors" to be regulated by the FCBA include "furniture dealers, auto dealers, appliance, hardware, sporting goods and music stores, banks, loan firms, and other sellers and lenders." *Finnegan v. Univ. of Rochester Med. Ctr.*, 21 F. Supp. 2d 223, 227 (W.D.N.Y. 1998).

CT Corp. is "a registered agent for service of process" for Defendant Comenity. It is a "leading provider of registered agent services," and is a wholly owned subsidiary of CCH Legal Information Services, Inc., whose parent corporation is Wolters Kluwer N.V. (CT Corp.'s Mem. at 2.) As a registered agent, CT Corp. is neither a CRA, nor is it "engaged in the business of debt collection, credit billing or other credit card practices." (CT Corp.'s Mem. at 6.) There are no allegations otherwise. Accordingly, Plaintiff's claims against Defendant CT Corp. fail. *See Finnegan*, 21 F. Supp. 2d at 227 (dismissing the plaintiff's claim because the defendant are hospitals that "are not mentioned as creditors in the legislative history" of the FCBA) (quotations

omitted); *DiGianni v. Stern's*, 26 F. 3d 346 (2d Cir. 1994) (affirming district court's decision to dismiss the plaintiff's FCRA claim because the defendants were not CRAs).[1] Accordingly, the Complaint against Defendant CT Corp. is dismissed with prejudice and without leave to replead.

### C. Motion to Dismiss under Rule 4

Because the Court has dismissed Plaintiff's complaint against Defendant CT Corp. with prejudice, there is no need to address Defendant CT Corp.'s grounds for dismissal under Rule 4.

## CONCLUSION

For the reasons set forth above, the Complaint is dismissed with prejudice against Defendant CT Crop. The Complaint is dismissed without prejudice with leave to replead against Defendant Comenity in accordance with this Order. While the instant complaint fails to set forth a cause of action against Defendant Comenity, and could be dismissed at this juncture, in deference to Plaintiff's *pro se* status, Plaintiff is granted leave to file an amended complaint NO LATER THAN November 4, 2013. Any amended complaint filed by Plaintiff must comply with Rule 8 of the Federal Rules of Civil Procedure and be in accordance with this Order.

Plaintiff is advised that any amended complaint she files will completely replace the Complaint. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. For the convenience of Plaintiff, and in light of her *pro se* status, instructions on how to amend a complaint are attached to this Order. If Plaintiff fails to amend her Complaint against Defendant Comenity by November 4, 2013, as directed by this Order, and/or the amended complaint fails to correct the deficiencies of the instant Complaint, the Complaint will be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

---

[1] In *Northrop v. Hoffman of Simsbury, Inc*., 134 F. 3d 41 (2d Cir. 1997), the Second Circuit distinguished the case from *DiGianni*, and held that users of credit reports could also be held liable under § 1681n based on violation of § 1681q. Because Plaintiff in the instant action did not plead any specific violations by Defendants under the FCRA, the Court will not reach the issue as to whether CT Corp. is a user of such information.

appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2013

/s/
DORA L. IRIZARRY
United States District Judge